UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRENT MASTRANDREA ) | CIVIL ACTION NO. |
|     Plaintiff ) | |
| ) | |
| ) | |
| v. ) | TRIAL BY JURY DEMANDED |
| ) | |
| ALLY FINANCIAL, INC. ) | |
|     Defendant ) | |
| ) | AUGUST 15, 2024 |

## COMPLAINT

### I. INTRODUCTION

1. This is a suit brought by a consumer under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA"), against Ally Financial, Inc. for to its willful and negligent continued reporting of a claimed debt after the Connecticut Superior Court had determined that the debt was not owed and after the consumer had requested that the reporting be investigated and removed.

### II. PARTIES

2. Plaintiff, Brent Mastrandrea ("Mastrandrea"), is a natural person and a consumer residing in New London, Connecticut.

3. Defendant Ally Financial, Inc. ("Ally") is a Delaware corporation located in Detroit, Michigan that accepts assignment of retail installment sales contracts from Connecticut automobile dealerships.

## III. JURISDICTION

4. Jurisdiction in this court is proper pursuant to 28 U.S.C. § 1331.

5. This court has jurisdiction over Ally because it regularly does business in the state of Connecticut and the subject transaction occurred in this state.

6. Venue in this court is proper because the claims involve a transaction that occurred in Connecticut.

## IV. FACTUAL ALLEGATIONS

7. On or about March 26, 2021, Mastrandrea purchased a 2016 Ford Fusion (the "Vehicle") from Whaling City Auto Group, LLC ("Whaling") located in New London, Connecticut pursuant to a retail installment sales contract (the "Contract").

8. The contract was assigned to Ally, who was then entitled to collect the amounts due under the Contract (the "Account").

9. On or about June 20, 2021, Mastrandrea returned the Vehicle to Whaling and, Mastrandrea, through counsel, sent a letter to Ally (the "June 21 Letter"), advising that Mastrandrea had revoked acceptance of the Vehicle due to a claimed defective transmission and that he disputed any further indebtedness under Account.

10. Mastrandrea subsequently commenced a lawsuit against Ally with the Connecticut Superior Court for the Judicial District of New London, Docket No. KNL-CV21-6053239S (the "Lawsuit"), in which he alleged that he had validly revoked acceptance of the Vehicle and sought an order that he owed no further amounts under the Account.

11. Ally appeared in the Lawsuit and was represented by counsel.

12. The Superior Court conducted a trial on the lawsuit, and on July 5, 2023, the Superior Court entered a Memorandum of Decision holding that revocation of acceptance of the Vehicle was proper and that Mastrandrea had no further obligation on the Account.

13. The Memorandum of Decision became a final judgment of the Superior Court (the "Judgment").

14. Notwithstanding the Superior Court's Judgment, Ally continued to report the Account negatively to the consumer reporting agencies Experian, Equifax and TransUnion despite the fact that it knew that no debt was owed by Mastrandrea on the Account.

15. On or about March 27, 2024, Mastrandrea sent letters to Experian, Equifax and TransUnion advising them of the Judgment and requesting that they reinvestigate the reporting of the Account by Ally.

16. On information and belief, Experian, Equifax and TransUnion submitted the information provided by Mastrandrea to Ally, who affirmed that its reporting of the Account was accurate notwithstanding its knowledge that the Superior Court had determined that Mastrandrea did not owe the amounts claimed by Ally in its reporting.

17. Based upon the affirmation by Ally, Experian reported a past due balance of $9,719 on the Account on or about May 29, 2024.

18. In early June 2024, Mastrandrea attempted to purchase a vehicle and applied for financing at Secor Saab Volvo and Motorsports Nation Waterford.

19. Motorsports Nation Waterford submitted a loan application to Roadrunner Financial on Mastrandrea's behalf which was denied in whole or in part based upon derogatory information reported by Ally to Experian.

20. On or about June 17, 2024, Mastrandrea received approval for a car loan from Capital One Auto Finance with stipulations that included, "proof open auto loan is traded or paid in full is required." These stipulations were required of Mastrandrea, in whole or in part, because Ally continued to report derogatory information to the consumer reporting agencies despite the Judgment and the request for a reinvestigation.

21. As a consequence of Ally's false reporting and its failure to correct its inaccurate reporting, the consumer reporting agencies continue to report the claimed debt, negatively impacting Mastrandrea's credit score and causing him actual harm and denial of credit.

## V. CAUSE OF ACTION FOR VIOLATION OF FCRA

22. Ally is a person as that term is defined by the FCRA, 15 U.S.C. § 1681a(b) and a furnisher of information to consumer reporting agencies as contemplated by the FCRA, § 1681s-2.

23. Pursuant to 15 U.S.C. § 1681s-2(b), upon notification from consumer reporting agencies that information on Mastrandrea's consumer reports was disputed as inaccurate, Ally had a duty to conduct investigations with respect to the disputed information and review all relevant information provided by the Consumer reporting agencies and provide to the agency any corrections to that information.

24. Ally violated 15 U.S.C. § 1681s-2(b) by its improper verification of its inaccurate reporting.

25. Ally is liable to Mastrandrea for his damages and a reasonable attorney's fee pursuant to 15 U.S.C. § 1681o for its negligent violation of 15 U.S.C. § 1681s-2(b).

26. Ally's violation of 15 U.S.C. § 1681s-2(b) was willful, and it is liable for his damages or statutory damages of between $100 and $1,000, plus punitive damages and a reasonable attorney's fee and costs pursuant to 15 U.S.C. § 1681n.

Wherefore, Mastrandrea claims actual damages, statutory damages, punitive damages, attorney's fees and costs, and any other relief deemed just and equitable by this court.

                          PLAINTIFF, BRENT MASTRANDREA

                 By: */s/ Daniel S. Blinn*
                         Daniel S. Blinn, ct02188
                         Consumer Law Group, LLC
                         35 Cold Spring Rd. Suite 512
                         Rocky Hill, CT  06067
                         Tel. (860) 571-0408
                         Fax. (860) 571-7457
                         dblinn@consumerlawgroup.com